IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01382-PAB-KMT

JOHN VALDEZ,

      Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

      Defendant.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 36], in which Magistrate Judge Kathleen M. Tafoya orally recommended that Defendant's Rule 37(b)(2)(A) Motion to Dismiss [Docket No. 28] be granted. Plaintiff objected on March 23, 2020, Docket No. 37, to which defendant responded on April 3, 2020. Docket No. 39.

## I. BACKGROUND

This lawsuit arises out of defendant's denial of insurance benefits that plaintiff alleges he is owed. *See* Docket No. 3. On February 7, 2020, defendant filed its motion to dismiss under Rule 37 of the Federal Rules of Civil Procedure [Docket No. 28] seeking dismissal of plaintiff's lawsuit as a sanction for plaintiff's failure to comply with the magistrate judge's discovery order. Docket No. 28 at 1.

In the motion, defendant explains what calls and emails it sent to plaintiff's

counsel attempting to schedule a deposition of plaintiff and plaintiff's son that were not returned or acknowledged. *See id.* at 3-4, ¶¶ 17-24. In addition, defendant alleges that plaintiff missed his deadline to respond to defendant's first set of written discovery requests. *Id.* at 2, ¶¶ 2-9. In response, defendant filed a Motion to Amend the Scheduling Order [Docket No. 25] "to afford Plaintiff more time" to comply with the discovery requests. *Id.* at 3, ¶ 11. On January 16, 2020, the magistrate judge ordered plaintiff to respond to defendant's discovery requests by January 31, 2020 and stated that, should plaintiff fail to do so, defendant would be permitted to "file an appropriate motion." Docket No. 27. The magistrate judge also ordered plaintiff to provide defendant with deposition dates by January 21, 2020, and ordered the discovery deadline extended until February 17, 2020 "solely for the purpose of taking the deposition of Plaintiff and Plaintiff's son." *Id.*

On January 17, 2020, plaintiff's counsel emailed defendant's counsel and indicated that plaintiff was available for a deposition on February 19, 2020 – two days after the magistrate judge's newly imposed discovery deadline. Docket No. 28 at 5, ¶ 27. Defense counsel reminded plaintiff's counsel of the deadline, and plaintiff's counsel stated that he would confer further with his client regarding dates. *Id.*, ¶ 28. Despite defense counsel contacting plaintiff's counsel at least two additional times, plaintiff failed to provide deposition dates within the magistrate judge's deadline. *Id.*, ¶ 29. In addition, plaintiff failed to respond to defendant's written discovery requests by the January 31 deadline. Docket No. 28 at 3, ¶ 13. On February 7, 2020, defendant filed the motion for sanctions seeking dismissal of the case.

2

In response, plaintiff's counsel filed a motion to withdraw as counsel.  Docket No. 30.  Plaintiff's counsel indicated that "[s]ubstantial and irreconcilable differences of opinion concerning the course and scope of representation have arisen between Plaintiff and undersigned counsel" that prevented counsel's continued representation in this matter.  *Id.* at 1, ¶ 1.  The magistrate judge scheduled a telephonic hearing on both the motion to withdraw and defendant's motion for sanctions for March 4, 2020.  Docket No. 32.  The magistrate judge ordered plaintiff's counsel to respond to defendant's motion to dismiss.  *Id.*  The response opposed defendant's motion.  Docket No. 33 at 5. With respect to plaintiff's culpability, the response stated that "although the Plaintiff failed to comply with the Court's order, he did not do so with flagrant disregard" and that plaintiff "is attempting to cooperate in discovery and will continue to diligently do so."  *Id.*

Despite the magistrate judge's order that plaintiff appear telephonically at the March 4 hearing, *see* Docket No. 32, plaintiff failed to appear.  Docket No. 38 at 2, ll. 24-25.  Plaintiff's counsel informed the magistrate judge that he had not been in contact with plaintiff since February 7, 2020, despite multiple attempts to reach plaintiff.  *Id.* at 3, ll. 1-15.  Counsel also represented that he had informed plaintiff, presumably by leaving messages for him, of his duty to attend the hearing.  *Id.*  Counsel said that he spoke to plaintiff's son on one or two occasions.  *Id.*  Plaintiff's son informed counsel that he would speak to his father and have him call counsel.  *Id.*  Counsel did not hear from plaintiff.  *Id.*  Counsel stated that he warned plaintiff several times that failure to comply with discovery requests would more than likely result in dismissal.  *Id.* at 9, ll. 1-

5.

After addressing the factors set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916

(10th Cir. 1992), the magistrate judge recommended that this case be dismissed with

prejudice for failure to prosecute and failure to follow court orders. *Id.*, ll. 12-20.  In

addition, the magistrate judge granted plaintiff's counsel's motion to withdraw. *Id.*, ll. 6-

9.  On March 23, 2020, plaintiff filed *pro se* objections to the magistrate judge's

recommendation.  Docket No. 37.  On April 3, 2020, defendant responded.  Docket No.

39.

## II.  LEGAL STANDARD

In the Tenth Circuit, in deciding whether to dismiss a case as a sanction under

Rule 37(b), a court must apply the five factors set out in *Ehrenhaus*.  *See Garcia v.

Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir. 2009).  These factors

include: (1) the amount of actual prejudice to the opposing party; (2) the degree of

interference with the judicial process; (3) the litigant's culpability; (4) whether the

litigant was warned in advance that dismissal was a likely sanction; and (5) whether a

lesser sanction would be effective.  *Ehrenhaus*, 965 F.2d at 921.

When reviewing a magistrate judge's recommendation on a dispositive motion,

the Court must "determine de novo any part of the magistrate judge's disposition that

has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is

both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121

East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  To be sufficiently specific, an

objection must "enable[] the district judge to focus attention on those issues – factual

and legal – that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## III.  ANALYSIS

In his objections, plaintiff "disputes [counsel's] assertion that [plaintiff] rebuffed [counsel's] attempts to get a hold of him."  Docket No. 37 at 1, ¶ 1.  He "asserts that there were miscommunications" between plaintiff and counsel "that [led] to the missed hearings and depositions." *Id.*, ¶ 2.  He states that he has "always intended to be fully involved in this matter" and wishes to pursue this litigation. *Id.*, ¶ 3.  Plaintiff attaches a electronically signed declaration in support of these statements. *See id.* at 3.[1]

The Court finds that these objections are not sufficiently specific to enable the Court "to focus attention on those issues . . . that are at the heart of the parties' dispute." *See One Parcel of Real Prop.*, 73 F.3d 1059.  Plaintiff asserts that he wishes to pursue this litigation, without denying any of counsel's representations about plaintiff's unresponsiveness or challenging the magistrate judge's basis for dismissal. *See generally* Docket No. 37.  While the transcript of the hearing, which included the magistrate judge's oral recommendation, was not docketed until after plaintiff had filed his objections, plaintiff's objections indicate familiarity with the magistrate judge's oral

---

[1] The Court notes that this declaration does not comply with 28 U.S.C. § 1746, which provides that an unsworn declaration may be treated as a sworn declaration if the declaration is signed under penalty of perjury. *See* 28 U.S.C. § 1746(1).  However, there was no requirement that plaintiff support his objection with a § 1746(1) compliant declaration.

ruling.  *See id.* at 1, ¶ 1.  And, in any event, plaintiff could have ordered a transcript before filing his objections.  In the absence of specific, substantive objections, the Court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record."[2]  *Hoodenpyle v. United States*, No. 08-cv-02285-PAB-KMT, 2009 WL 3202247, at *1 (D. Colo. Sept. 30, 2009).

The magistrate judge found that plaintiff's actions in this case caused defendant "considerable prejudice" and resulted in "extreme" interference in the judicial process. Docket No. 38 at 6, ll. 5-8.  According to defendant, it has been unable to file a dispositive motion in this case because it has "been deprived of all relevant evidence in the possession of Plaintiff's only witnesses – Plaintiff and Plaintiff's public adjuster/son."  Docket No. 39 at 6.  Defendant represents that it has spent, in total, "over $23,000 attempting to . . . defend against [plaintiff's] case."  *Id.* at 1.  Defendant has made many attempts to obtain plaintiff's responses to discovery requests and to schedule depositions of plaintiff and plaintiff's son to no avail.  This case was filed over a year ago, and yet discovery has still not been completed due to plaintiff's failure to meaningfully engage in this litigation.  Moreover, the magistrate judge has had to spend considerable time on avoidable actions directly resulting from plaintiff's unresponsiveness: modifying the scheduling order, ruling on defendant's motion for sanctions and plaintiff's counsel's motion to withdraw, and holding a hearing at which plaintiff failed to attend.  The Court finds no clear error in the magistrate judge's finding

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review.  Fed. R. Civ. P. 72(b).

that the first two *Ehrenhaus* factors weigh in favor of dismissal.

With respect to plaintiff's culpability, the magistrate judge stated that "[plaintiff] has made it clear . . . that he has no interest in this case and he has no interest in prosecuting this case or else he would be [pursuing the litigation]."  Docket No. 38 at 6, ll. 14-17.  At the hearing, plaintiff's counsel stated that he had not heard from his client in a month, despite (1) mailing plaintiff a copy of the magistrate judge's order requiring plaintiff's appearance at the hearing; (2) calling and emailing plaintiff "maybe three times a week"; and (3) speaking to plaintiff's son, who told counsel that he would get in touch with plaintiff and have him call counsel.  *Id.* at 3, ll. 1-15.

Plaintiff states that he "never knowingly ignored [counsel's] calls or emails." Docket No. 37 at 3, ¶ 3.  But his declaration does not dispute that counsel left him several messages, that plaintiff's son told him to call his attorney, or that he was unaware of the deadlines he missed or the hearing he failed to attend.  *See generally id.*  Instead, plaintiff asserts that the issues and delays in this case are attributable to "miscommunications" between himself and his counsel.  *See id.* at 1, ¶ 2.  But plaintiff does not explain what these "miscommunications" consisted of, how they led to his failure to return counsel's telephone calls and emails over a month-long span, or why he failed to appear at the telephonic hearing.   Miscommunications do not excuse plaintiff's repeated failure to comply with court orders.  Because plaintiff fails to provide any explanation for his repeated failure to provide discovery or comply with court orders, the Court finds no clear error in the magistrate judge's determination that plaintiff was culpable for his actions.

7

A court must also consider whether plaintiff was warned that dismissal would be a potential sanction for his actions. *Ehrenhaus*, 965 F.2d at 921. The magistrate judge stated at the hearing that she had not informed plaintiff of this potential consequence:

> Now, I did not warn [plaintiff] in advance and that was what I planned to do today, but he has taken away my ability to warn him that there is a possibility of dismissal in this case. I don't feel that I need to warn either counsel for either [party] because, as lawyers, you know that possibility exists under Rule 37 and also under *Ehrenhaus*, but I did want to make him aware of that, but he's not allowed me to do that.

Docket No. 38 at 6, ll. 18-25. Plaintiff's counsel indicated at the hearing that he had advised plaintiff "several times, numerous times over the phone that failure to comply with discovery would more than likely result in dismissal of this case." *Id.* at 9, ll. 1-5. The Court assumes that counsel delivered these warnings via voicemail. Regardless, under *Ehrenhaus*, the relevant inquiry is "whether *the court* warned the party in advance that dismissal of the action would be a likely sanction." 965 F.2d at 921 (emphasis added). Thus, even though plaintiff was warned of the potential for dismissal by his then-attorney, this is insufficient to afford plaintiff the court-given notice contemplated by *Ehrenhaus*. However, the magistrate judge took this lack of notice into consideration in making her recommendation of dismissal, *see* Docket No. 38 at 6, ll. 18-25, and, in any event, "notice is not a prerequisite for dismissal under *Ehrenhaus*." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007). The Court finds no clear error here.

Finally, the magistrate judge found that no lesser sanction would be effective because plaintiff was unreachable. Docket No. 38 at 7, ll. 7-11 ("I can't talk to him, I

can't reason with him, I can't seem to communicate, his own attorney can't communicate, and so I think that causes us a large problem here.").  While plaintiff has since indicated that he wishes to continue to pursue this litigation, he has not explained why he failed to comply with earlier court orders or how his behavior going forward would differ from his pattern of conduct throughout this litigation.  Docket No. 37 at 1, ¶ 3.  In addition, plaintiff has suggested no alternative lesser sanction.  *See generally id.*; *see also LMC Holding Co.*, 497 F.3d at 1150 (finding that the district court did not err in finding no lesser sanction was appropriate where party against whom dismissal was sought "failed to identify an appropriate sanction short of dismissal").  The Court finds that no alternative lesser sanction would be appropriate here.  *See Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017) (unpublished) (affirming district court's dismissal for failure to prosecute due to the plaintiff's "failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines"); *see also Hall v. Wal-Mart*, 09-cv-01410-WYD-CBS, 2009 WL 6337957, at *3 (D. Colo. Dec. 18, 2009)*, report and recommendation adopted*, 2010 WL 1416785 (D. Colo. Apr. 7, 2010) ("[I]t would be pointless to impose a financial sanction on a plaintiff who has repeatedly failed to comply with previous court orders.").  The Court finds no clear error in the magistrate judge's determination that no lesser sanction would be appropriate.

Finding no clear error in the magistrate judge's weighing of the *Ehrenhaus* factors or her recommendation of dismissal, the Court will accept the magistrate judge's recommendation.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 36] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Rule 37(b)(2)(A) Motion to Dismiss [Docket No. 28] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claims are dismissed with prejudice for failure to prosecute and failure to comply with court orders.  It is further

**ORDERED** that, within 14 days of the entry of this order, defendant may have its costs by filing a bill of costs with the Clerk of Court.  It is further

**ORDERED** that this case is closed.

DATED August 19, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
United States District Judge